■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOYCE TAYLOR, Appellant.— Judgment, Supreme Court, New York County, rendered on November 6, 1967, convicting defendant, upon her plea of guilty, of attempted assault in the second degree, and sentencing her to a term of nine months' imprisonment in the penitentiary, is unanimously modified, in the exercise of discretion, to sentence defendant, nunc pro tunc, to a conditional discharge pursuant to subdivision 3 of section 65.05 of the Penal Law and, as so modified, affirmed. The defendant pleaded guilty on September 28, 1967, to the stabbing of one Mrs. Margie Wall, a neighbor. The stabbing was severe, and followed a tenement fracas on June 11, 1967, involving the defendant's daughter, the niece of the victim, and joined in by the defendant's husband. Indeed, as an aftermath, the defendant's husband also pleaded guilty to attempted assault in the second degree and possession of a weapon as a misdemeanor. But, he received a suspended sentence. We are moved to mitigation of sentence in this instance, although not condoning the deed, because the defendant is the mother of six children, ages 4 to 17, two of them illegitimate, and four of them ill, two of them severely. It is represented that the youngest, Allen, Jr., four years of age, is the victim of a congenital paralysis of his entire right side; he has not the use of his right arm or leg, and his speech has been misaffected. All are living together, dependent on welfare, although,

it is said, the father is endeavoring to supplement welfare by working, despite a severe heart condition. Curiously enough the defendant-mother, without a previous or subsequent record, and although with limited education, had passed a Department of Welfare examination as an Investigation Aide. As this entire family unit is utterly dependent on the defendant, we find that wresting her away from this group would create a myriad of more social problems than putting her in jail for nine months would either placate or solve. And in retrospect, although condemning her act, we must view her deed in the light of an urban housing melee, actually set off by the quarreling and fighting of her teen-age daughter with the niece of a neighbor, wherein she (the defendant), in the act of preparing a family meal, rashly grabbed a kitchen implement, which she was using at the time, and impetuously rushing to the defense of her daughter, struck down her neighbor. Punished she should be, and if the sword of justice had been more swiftly applied, we would not have stayed its stroke. But, it is now over three years after the event, and now she is the main prop and staff of seven other lives, all completely dependent on her daily presence; thus, we are confronted with a dilemma: unless we spare this guilty mother, we punish her innocent dependents. Unless we remit the jail term, we work a cruelty upon her children. And, although we recognize appellate courts are ordinarily reluctant to interfere with the sentences of trial courts, and rarely do so, yet we feel, in this instance, largely due to the passage of time, mercy and justice are one. Accordingly, we believe justice would be better served herein by modifying the sentence to a conditional discharge, *nunc pro tunc*, as of November 6, 1967, which, under section 65.05 of the Penal Law, could have originally been imposed, and by virtue of subdivision 3 of said section, would have extended for a period of three years. Concur — Stevens, P. J., Capozzoli, McGivern, Tilzer and Macken, JJ.